HAYES P. HYDE (SBN 308031)
HHyde@goodwinlaw.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28TH Floor
San Francisco, CA 94111
Phone: +1 415 733 6000
Fax: +1 415 677 9041

BRIAN T. BURGESS (*pro hac vice*)
ISABEL M. MARIN (SBN 335691)
BBurgess@goodwinlaw.com
IMarin@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC 20036
Phone: +1 202 346 4000

JORDAN F. BOCK (SBN 321477)
JESSE LEMPEL (*pro hac vice*)
JBock@goodwinlaw.com
JLempel@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Phone: +1 617 570 1000

Attorneys for Plaintiffs:
ASSOCIATION OF AMERICAN RAILROADS and
AMERICAN SHORT LINE AND REGIONAL
RAILROAD ASSOCIATION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| ASSOCIATION OF AMERICAN RAILROADS and AMERICAN SHORT LINE AND REGIONAL RAILROAD ASSOCIATION,<br><br>Plaintiffs,<br>v.<br><br>LIANE M. RANDOLPH, in her official capacity as Chair of the California Air Resources Board; STEVEN S. CLIFF, in his official capacity as Executive Officer of the California Air Resources Board; and RAY M. BONTA, in his official capacity as Attorney General of the State of California<br><br>Defendants. | Case No. 2:23-cv-01154-DJC-JDP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:        April 25, 2024<br>Time:        1:30 PM<br>Courtroom:   10 (13th Floor)<br>Judge:       Hon. Daniel J. Calabretta<br>Trial Date:  Not Set<br>Action Filed: June 16, 2023 |

## INTRODUCTION

Defendants Liane M. Randolph, in her official capacity as Chair of the California Air Resources Board; Steven S. Cliff, in his official capacity as Executive Officer of the California Air Resources Board; and Rob Bonta, in his official capacity as Attorney General of the State of California (collectively, "Defendants") filed a Request for Judicial Notice ("RJN") in Support of Defendants' Opposition for Summary Judgement (ECF No. 51-2) seeking judicial notice of twenty-three exhibits. Plaintiffs Association of American Railroads and American Short Line and Regional Railroad Association (collectively, "Plaintiffs") oppose Defendants' judicial notice of Exhibits 3–4, 6–10, 13–15, 17–21, and 23–25 and the disputed facts as described in RJN ¶¶ 15–18 and 21–23 for the reasons contained herein.

## LEGAL STANDARD

Federal Rule of Evidence 201 authorizes the Court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Cactus Corner, LLC v. U.S. Dep't of Agric.*, 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004). Although a document may be judicially noticeable, that "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen v. Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied sub nom.*, *Hagan v. Khoja*, 139 S. Ct. 2615 (2019). When determining whether a fact "can be accurately and readily determined," courts consider whether the fact is "subject to varying interpretations" and if "there is a reasonable dispute as to what the [fact] establishes." *Khoja*, 899 F.3d at 1000–01. If an asserted fact is subject to varying interpretations and there is a reasonable dispute as to what is established, it is improper to take judicial notice of that purported fact. *See id.* at 1000. Moreover, "[c]ourt[s] may not take judicial notice of one party's opinion of how a matter of public record should be interpreted," *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974, 976 (E.D. Cal. 2004), and will not take judicial notice of legal conclusions because

they are not facts beyond reasonable dispute. *McBounds v. Clays*, No. 2:19-cv-2208 KJM KJN P, 2021 WL 3783391 at *3 (E.D. Cal. Aug. 26, 2021).

# ARGUMENT

### A. The Contents of Exhibits 3–4, 6-7, 9–10, 13–15, 17–21, and 23–25 Are Not Judicially Noticeable.

Defendants seek judicial notice of several purported facts and conclusions contained within Exhibits 3-4, 6–7, 9–10, 13–15, 17–21, and 23–25. Plaintiffs do not oppose Defendants' request for judicial notice to the extent that it seeks to notice the existence of these documents. However, to the extent Defendants seek judicial notice of the "veracity or authenticity of any arguments or conclusions of fact or law contained" within those Exhibits, such judicial notice would be improper. *See Edison Co.*, 300 F. Supp. 2d at 974, 976 ("A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted."); *see also Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (it is improper to take judicial notice of the truth and inferences drawn from public documents). The Court's power to take judicial notice "is limited to taking judicial notice of reasonably indisputable facts, such as the date on which a document was filed." *Sykes v. Athannasious*, No. 2:12-CV-2570 TLN KJN, 2015 WL 4662736, at *10 n.5 (E.D. Cal. Aug. 5, 2015), report and recommendation adopted, No. 2:12-CV-2570 TLN KJN, 2015 WL 5399491 (E.D. Cal. Sept. 14, 2015).

Defendants' request for judicial notice of Exhibits 15 and 17 is particularly troublesome in that Defendants seek to establish that the contents of those documents allow the Court to draw valuative conclusions. With respect to Exhibit 15, Defendants request the Court take judicial notice that locomotives "have lagged behind" in becoming "significantly cleaner" as compared to other mobile emissions sources by noting that "CARB predicted that, by 2023, moving freight rail would emit *more* NOx and PM2.5 than moving the same freight by truck." ECF No. 51-1 at 7. Judicial notice is improper here for the additional reason that it is an incomplete, confusing, and irrelevant representation of Exhibit 15. What CARB ostensibly was predicting at the time of this report in 2020, as cited in Exhibit 15, is irrelevant to the issues of this matter—whether a statute restricting rail

activity is constitutional.  Judicial notice such as this should be denied where the facts asked to be judicially noticed are irrelevant to the issues of the case.  *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); *Castellucci v. JPMorgan Chase Bank, N.A.*, No. CV 20-04580-AB (KSx), 2020 WL 4873869 at *4 (C.D. Cal. Aug. 10, 2020) (refusing to take judicial notice of an estimate because it was "irrelevant in resolving the instant motion."); *see also Langer v. HV Glob. Grp., Inc.*, No. 2:21-cv-00328-JAM-KJN, 2021 WL 4777092 at *1 (E.D. Cal. Oct. 12, 2021) (courts are not required to "take notice of facts that do not provide any additional relevant information.").

Defendants similarly request this Court take judicial notice of Exhibit 17 to substantiate what they assert is an undisputed fact —that "California has submitted to EPA a State Strategy for the State Implementation Plan that includes a commitment to regulate non-new locomotive emissions as the Regulation does."  ECF No. 18-3 at 15; Exh. 17. This is likewise improper as this Court cannot take judicial notice of legal conclusions such as whether CARB has "commit[ed] to regulate non-new locomotive emissions" under the Regulation.  *McBounds*, 2021 WL 3783391 at *3.

**B.    Defendants' Request for Judicial Notice of Disputed Facts Is Improper.**

A fact is disputed if it is "subject to varying interpretations" and if "there is a reasonable dispute as to what the [fact] establishes."  *See Khoja*, 899 F.3d at 1000–01. Defendants ask the Court to take notice of the following alleged facts:

- "Mendocino Railway offers 'local and interchange' routes" that are "within a single State (RJN ¶ 16; Exh. 7, Cross-MSJ at 10)[1];
- "Union Pacific Railway Company moves sand and gravel from extraction sites to processing plants on two routes entirely within California" (RJN ¶ 17, Exhs. 8 and 9);
- "Burlington Northern Santa Fe Railway offers transloading services" (RJN ¶ 18, Exh.

---

[1] Defendants confuse Mendocino Railway with California Western Railroad (Cross-MSJ at 10 n.4), which is another basis to deny judicial notice because the facts they assert as noticeable are simply not true.  *See* Decl. Mendocino Railway in Support of Pls.' Opp'n to Defs.' Cross-Motion for Summary Judgment ¶¶ 2-3.

10);

- "California has many highly-populated cities that suffer from extremely high levels of ozone and PM2.5 pollution" (RJN ¶ 20);
- "California has struggled for years to reduce its ozone pollution" (RJN ¶ 21); and
- "The definition of 'transloading'" (RJN ¶ 22).

These alleged facts, however, are improper for judicial notice because they are subject to varying interpretations and are reasonably subject to dispute.  Defendants' request for this Court to take judicial notice of subjective statements, such as those contained in RJN ¶¶ 20, and 21 cannot be judicially noticed.

Moreover, judicial notice of Exhibits 8 and 9 and the fact that "Union Pacific Railroad moves sand and gravel from quarries to processing plants on two routes entirely within California" is improper because neither exhibit supports this statement.  Instead, Defendants impermissibly ask the Court to accept their interpretation of Exhibits 8 and 9. *See Edison* Co., 300 F. Supp. 2d at 976; *Patel*, 253 F.R.D. at 546.

And while Plaintiffs do not dispute the existence of the websites cited in RJN ¶¶ 16, 17, 18, and 22, the Court "cannot go the extra step and credit the assertion made" in a document such as the aforementioned websites as being true.  These alleged facts are, at minimum, "subject to varying interpretations" because they use subjective language like "high volumes," "suffer," "extremely high levels," and "struggled."  *See Khoja*, 899 F.3d at 1000–01.  Thus, the Court should refuse to take judicial notice of these asserted facts.

## CONCLUSION

The Court should deny Defendants' request for judicial notice to the extent that they seek to notice more than the existence of the documents contained within 3–4, 6-7, 9–10, 13–15, 17–21, and 23–25 and should not take judicial notice of the disputed facts as described in RJN ¶¶ 16–18 and 20–22.

Respectfully submitted,

Dated: March 26, 2024

By: */s/ Brian T. Burgess*
HAYES P. HYDE (SBN 308031)
*HHyde@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 28TH Floor
San Francisco, CA 94111
Phone:  +1 415 733 6000

BRIAN T. BURGESS (*pro hac vice*)
ISABEL M. MARIN (SBN 335691)
*BBurgess@goodwinlaw.com*
*IMarin@goodwinlaw.com*
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC 20036
Phone: +1 202 346 4000

JORDAN F. BOCK (SBN 321477)
JESSE LEMPEL (*pro hac vice*)
*JBock@goodwinlaw.com*
*JLempel@goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Phone:  +1 617 570 1000

Attorneys for Plaintiffs
ASSOCIATION OF AMERICAN
RAILROADS AND AMERICAN SHORT
LINE AND REGIONAL RAILROAD
ASSOCIATION

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of California by using the CM/ECF system on **March 26, 2024**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **March 26, 2024**.

                                                /s/    *Brian T. Burgess*
                                                      BRIAN T. BURGESS